**HERNANDEZ et al. v. SICILIANO.**
No. 11670.

United States Court of Appeals
District of Columbia Circuit.

Submitted Oct. 9, 1953.

Decided Oct. 29, 1953.

then retain the realty conveyed to them by the challenged deed.

When the appellants' admitted refusal to make the payment was shown to the court, judgment for the sum of $2,500 was entered against them. On this appeal therefrom, they argue that the settlement was merely permissive and not mandatory. We think the contrary —that the appellants were bound by their stipulation and the enforcing order. As they cannot now urge the absence of an indispensable party, we express no opinion as to whether the sister actually was such.

Affirmed.

Mr. Harry L. Ryan, Jr., Washington, D. C., submitted on the brief for appellants.

Mr. Cornelius H. Doherty, Washington, D. C., submitted on the brief for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PER CURIAM.

In his capacity as administrator c. t. a., the appellee sued for rescission of a deed which he charged appellants had fraudulently obtained from his allegedly incompetent decedent. The grantee-appellants answered, alleging inter alia that decedent's sister, the sole beneficiary under his will, was an indispensable party and without her the action should be dismissed, under Rule 19 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Before trial, the parties entered into a settlement stipulation which was filed with the court and then embodied in an order directing its consummation. The arrangement was that, in circumstances such as those which undisputedly developed, the appellants should pay to the appellee the sum of $2,500 and should